O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELSA CHOY on behalf of Juan Garcia, deceased, | ) ) ) | CASE NO. CV 14-04539 RZ |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| vs. | ) ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

As both parties agree, the Administrative Law Judge erred in determining that Plaintiff was liable for an overpayment, because the Administrative Law Judge misapplied the law concerning the effect of direction given by a Social Security employee. *See* 20 C.F.R. § 404.510a. Plaintiff's decedent, Juan Garcia, had received a number of Social Security checks that he tried several times to return to the Social Security Administration. After many such efforts, a Social Security employee told him to keep nine of those checks and return ten. He followed those instructions. The instructions turned out to be wrong, and the Social Security Administration began recovering the amounts as overpayments. The Administrative Law Judge, as noted, wrongly concluded that Plaintiff was not without fault in causing the overpayment, and therefore the overpayment was not waived. At the time of the decision, there was $4,418.80 remaining to be recovered. [AR 39]

1 Defendant seeks remand on the grounds that the Commissioner should be the
2 party to determine whether Plaintiff relied on the direction of the Social Security employee
3 who told him to cash the nine checks. The Court disagrees. Plaintiff's decedent's
4 testimony is in the record, and it concerned events that took place thirteen and fourteen
5 years ago. Plaintiff's decedent since has died, and there is no reasonable likelihood of
6 additional evidence on the issue of reliance. The record firmly establishes that the decedent
7 did rely on the Social Security employee's instruction; the decedent sought information on
8 at least three occasions before Social Security told him that he should cash some of the
9 checks. Remand to allow the Commissioner to address the issue of reliance would serve
10 no purpose.

11 When a person like Plaintiff's decedent is without fault, overpayment is
12 waived if the recovery would defeat the purposes of the Social Security Act or be against
13 equity and good conscience. 42 U.S.C. § 404(b). Recovery that would defeat the purposes
14 of the benefits under Title II of the Social Security Act is defined in 20 C.F.R. § 404.508.
15 Recovery would defeat the purposes of the benefits if it would deprive the recipient of
16 income required for ordinary and necessary living expenses. These include expenses for
17 food, shelter, clothing, insurance, medical requirements, support for others, and so on.
18 Plaintiff's decedent established these facts already. [AR 42-49; AR 149-56] No additional
19 facts could be established because Plaintiff's decedent is dead.

20 The record also establishes that recovery would be against equity and good
21 conscience. The Administrative Law Judge referenced the definitions of those terms found
22 in 20 C.F.R. § 404.509 [AR 37], but the Ninth Circuit has held that that regulation is too
23 restrictive to implement the statute's intent. *Quinlivan v. Sullivan*, 916 F.2d 524 (9th Cir.
24 1990). Rather, the statutory phrase is meant to encompass "a broad concept of fairness to
25 apply to waiver requests, one that reflects the ordinary meaning of the statutory language."
26 916 F.2d at 527. Here, Plaintiff is not the person who received the overpayment, and
27 appears not to have been married to the decedent at the time of the overpayment. As noted,
28 the financial circumstances were strained at the time and, although Defendant states that

Plaintiff presently is not liable for her decedent's overpayment, and that the Social Security Administration terminated recovery of any overpayment in 2012 (Defendant's Memorandum at 1 n.1), Defendant makes no representation that the overpayment has been cancelled and will not be pursued in the future. Presumably, that prospect is the only thing that keeps this case alive. The circumstances here fit within the concept that further recovery of the overpayment would be against equity and good conscience, as those terms have been construed by the courts. *Quinlivan, supra; Groseclose v. Bowen*, 809 F.2d 502 (8th Cir. 1987).

In accordance with the foregoing, the decision of the Commissioner is reversed. The overpayment found by the Administrative Law Judge to be remaining is deemed waived, and the Commissioner is directed to correct the records to reflect this waiver.

IT IS SO ORDERED.

DATED: April 3, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE